**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHEET METAL WORKERS LOCAL UNION 105, an unincorporated association, | No.   20-55849 |
| Plaintiff-Appellee, | D.C. Nos.<br>5:18-cv-00754-JAK-SP<br>8:18-cv-00616-JAK-SP<br>8:18-cv-00611-JAK-SP |
| v. | |
| TITAN SHEET METAL INC., a California corporation, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| EPIC SHEET METAL INC., a California corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted August 30, 2021
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Titan Sheet Metal Inc. ("Titan") appeals from the district court's order granting a motion by Sheet Metal Workers Local Union 105 ("SMART") to confirm an arbitration award against Titan and denying Titan's motion to vacate that award.  We have jurisdiction under 9 U.S.C. § 16(a)(1)(D) and 28 U.S.C. § 1291.

The district court did not err in determining the collective bargaining agreement ("CBA") between Titan and SMART continued in effect beyond its stated expiration date of June 30, 2017.  By the plain terms of Article XVII, Section 1 of the CBA, SMART's submission of a timely notice of reopening to Titan caused the CBA to continue in effect until certain renegotiation procedures were completed.  The parties failed to complete such renegotiation procedures, and so the CBA did not terminate on June 30, 2017.  *Beach Air Conditioning & Heating, Inc. v. Sheet Metal Workers Int'l Ass'n, Local Union No. 102*, which involved facts that are not materially distinguishable from those of this case and likewise concluded the collective bargaining agreement continued in full force and effect pending completion of renegotiation procedures, confirms this conclusion. 55 F.3d 474, 476–78 (9th Cir. 1995).

Because the CBA continued in effect after June 30, 2017, we reject Titan's arguments that SMART implicitly waived its grievance under the CBA by failing to raise it before June 30, 2017, and that the CBA's bar on repudiation during the term of the agreement did not apply after that date. We also reject Titan's argument that because it had ceased to operate by June 30, 2017, the grievance procedure would be futile. Even assuming that Titan ceased operations, Titan was not relieved from its obligations under the CBA, such as its obligation under Article II, Section 1 to refrain from subcontracting or assigning work to non-union third parties.

Titan waived its arguments that specified pleadings submitted by SMART contained judicial admissions that the CBA expired on June 30, 2017 because Titan did not raise these arguments in the district court. But even if these arguments were not waived, we reject them because SMART did not judicially admit that the CBA was of no further force or effect after June 30, 2017; it merely acknowledged that the CBA passed its stated expiration date.

Because the CBA continued in full force and effect past June 30, 2017, we need not reach Titan's argument that the district court erred in supposedly determining that Titan's alleged violations of the CBA began *before* June 30, 2017.

**AFFIRMED.**